THE BOARD OF SUPERVISORS OF HENRY COUNTY

*v.*

THE WINNEBAGO SWAMP DRAINAGE COMPANY *et al.*

1. LIMITATIONS — *in equity.* The fact that a statute of limitations is positive in its terms, will not, under all circumstances, operate as a bar in equity. There are cases in which a court of equity will not permit the bar of the statute to be interposed against conscience, and it will supply and administer a remedy within its jurisdiction, and enforce the right for the prevention of a fraud.

2. So, where a bill in chancery, by which it was sought to enforce a right in respect to which the defendant had been guilty of fraud, alleged that the complainant had no knowledge of the fraud until within the time prescribed by the statute as a bar, the remedy was enforced, notwithstanding the limit of the statute had expired before the filing of the bill.

3. PLEADING IN CHANCERY—*to avoid the statute of limitations.* In order to prevent the statute of limitations being availed of on a demurrer to a bill in chancery, if there be grounds which take the case out of the statute, they should be stated in the bill.

4. SAME—*of the allegation of fraud—when sufficient.* In a bill filed by the board of supervisors of a county against a drainage company, to recover the proceeds of drafts which had come to the State from the general government, for swamp and overflowed lands sold by the latter after their selection, and which had been obtained from the State by the defendants, it was alleged that the secretary of the drainage company obtained the drafts from the State by some fraudulent pretense, the character of such pretense being unknown to the complainants, and that the secretary converted the drafts into money, and paid it over to the company: *Held,* upon demurrer to the bill, that, although all the circumstances attending the fraud were not stated, yet the allegation was as full as it could be made, and this was admitted by the demurrer, and was deemed sufficient.

5.  SAME—*allegation as to time when the fraud was discovered.* The bill alleged that a knowledge of the facts connected with the receipt of the drafts by the secretary of the company, and their conversion and application, did not come to the complainants until within two years before the filing of the bill, and this was regarded a sufficient allegation on that subject, without an allegation of facts and circumstances tending to explain the reason why the information did not reach them at an earlier period.

6.  DEEDS—*what will pass thereby.* A conveyance of swamp lands by a county to a third party, will not pass the right of the county to drafts or scrip given by the general government to the State, and by the State to the county, for swamp and overflowed lands sold by the general government after they had been selected under the act of congress on that subject.

APPEAL from the Circuit Court of Henry county; the Hon. GEO. W. PLEASANTS, Judge, presiding.

The opinion states the case.

Messrs. SHAW & CRAWFORD, for the appellants.

Messrs. BENNETT & VEEDER, Mr. GEORGE E. WAIT and Mr. IRA O. WILKINSON, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit in chancery, brought by appellants, in the Henry circuit court, against appellees, to recover money received on two drafts drawn by the United States treasurer, in favor of the Governor of the State, on account of the sale of swamp and overflowed lands, which had been sold by the general government, after they had been selected under the act of Congress granting them to the State. The general assembly, on the 14th day of February, 1855, adopted an act incorporating appellees, under the name of the Winnebago Swamp Drainage Company, for the purpose of reclaiming such lands in Bureau, Lee, Whiteside and Henry counties. The general assembly having granted these lands to the

county, it transferred them to the company on certain conditions. Under the agreement thus entered into, in which nothing was said in reference to the drafts or land scrip issued in lieu of lands sold after their selection, the company claimed and obtained the drafts, amounting to $3616.58, and appropriated it.

A demurrer was filed to the bill, the principal grounds being, that the cause of recovery did not accrue within five years before exhibiting the bill. On a hearing, the court below sustained the demurrer and dismissed the bill. Appellants bring the record to this court, and ask a reversal of the decree of the court below in dismissing the bill.

The demurrer admits the allegation that the quit-claim deed made by the county to the swamp drainage company did not assign or transfer the right of the county to receive the drafts or scrip from the Governor of the State, but the demurrer relies upon the statute of limitations as a bar to the recovery. It is insisted that, as more than five years have elapsed since they received the drafts, this bill cannot be maintained. The bill alleges that the knowledge that appellees had received these drafts was not acquired until within two years of the filing of the bill.

There are cases in which courts of equity will interpose to prevent the bar of the statute of limitations, as in cases of a fraud, which has not been discovered until the statutory bar would ordinarily apply at law.

The fact that the statute is positive in its terms, will not, under all circumstances, operate as a bar in equity. There are cases in which a court of equity will not permit the bar of the statute to be interposed against conscience, and it will supply and administer a remedy within its jurisdiction, and enforce the right for the prevention of a fraud. Angel on Lim. 28 ; *Hovenden* v. *Annesley,* 2 Schol. & Lef. 630; 2 Story's Eq. 906 ; *South Sea Co.* v. *Wymondsell,* 3 Pr. Wms. 143 ; *Delorain* v. *Brown,* 3 Bro. ch. cases, 633. The case of *Hovenden* v. *Annesley,* announces the doctrine, that if the plaintiff has

any ground of exception to prevent the bar, or the presumption arising from the length of time, then the bill should state it, and it would not be subject to a demurrer. To the same effect are the cases of *Sherington* v. *Smith*, Bro. P. C. 62; *Beckford* v. *Close*, 4 Ves. 476; *Foster* v. *Hodgson*, 19 Ves. 180. These cases fully establish the practice in a court of equity, that the grounds which take the case out of the statute of limitations should be stated in the bill, and thus prevent it from being demurrable.

It is alleged, the secretary of the company, by some fraudulent pretense, obtained the drafts from the Governor, but that the pretense employed is unknown to complainants; that he had converted them into money, and paid it to appellees. The demurrer admits that the drafts were obtained by fraud, and the means employed to procure them was unknown to complainants. This, then, although not a statement of all the circumstances attending the fraud, is as full as it is alleged it could be made, and it is so admitted.

Under these circumstances, we are at a loss to know how appellants could have made a fuller allegation, and this averment must be held sufficient.

Appellants also allege that a knowledge of the facts connected with the reception of the drafts, and their conversion and application, did not come to the county authorities until within two years of the filing of the bill, and this allegation is admitted by the demurrer. We regard this as a clear, concise statement of a fact that is traversable. Nor do we see that it was necessary to allege facts and circumstances tending to prove or explain the reason why the information did not reach them at an earlier period. Owing to the annual election of the board of supervisors, the body is constantly changing, and the board of this year, who may enter into a contract, may be superseded next by men who have no knowledge of its details or its situation. Hence, we would not expect that such a body would be as active in the pursuit of claims due the county, or as apt to learn of such transactions

as would an individual, or the same persons continuously occupying the same position. Hence, we should not infer, against the allegation, that appellants had the knowledge at an earlier period. We are clearly of the opinion that the court below erred in sustaining the demurrer on the ground that the suit was barred by the statute of limitations.

The contract and deed set out in the bill all refer to the title and claim of the county to the lands. There is nothing said about money, drafts or scrip that the county was or might be entitled to receive from the general or State government. And under a contract to sell lands by a party, we are aware of no rule of construction which can extend or torture such a contract into a sale of lands, and also of *choses in action*. We are at a loss to perceive, from anything contained in the bill, how there can be the slightest pretense of a claim to these drafts or the money arising from them. From the bill it appears that appellees have received and retained money belonging to the county, and to which appellees have no claim. For these reasons we think the court below erred in sustaining the demurrer and in dismissing the bill, and the decree is therefore reversed and the cause remanded.

*Decree reversed.*