# CHARLESTON.

Jarvis *v.* Martin's Administrator *et al.*

45  347
48  452

Submitted June 6, 1898—Decided November 26, 1898.

1. Bill in Equity—*Demurrer—Stale Demand—Dismissal.*
   "The defenses of the statute of limitations and laches and stale demand" being proper grounds for demurrer, a bill setting up a stale demand, without alleging any reasonable excuse for delay in the assertion thereof, should be dismissed for want of equity, unless properly amended. (p. 348).

2. Presumption of Payment—*Lapse of Time—Bill in Equity—Stale Demand.*
   Where the presumption of payment arises by reason of the lapse of twenty years' time, a bill seeking enforcement of such stale demand must set up facts and circumstances sufficient to rebut such presumption, or it will be demurrable. *Jackson v. Hull,* 21 W. Va., 601. (p. 348).

Appeal from Circuit Court, Harrison County.

Suit by Lemuel D. Jarvis against Jesse V. Martin's administrator and others. Judgment for plaintiff. Defendants appeal.

*Reversed.*

Clifford & Sperry, for appellants.

John Bassel, for appellee.

Dent, Judge:

L. D. Jarvis filed a bill in chancery against Jesse V. Martin and others in the circuit court of Harrison County, at April rules, 1894, seeking to enforce a vendor's lien retained in a certain deed executed by Edwin Maxwell and Burton Despard, trustees, to Jesse V. Martin, bearing date

the 4th day of March, 1871. Before appearance therein, Jesse V. Martin died, and the suit was revived against his administrator and his devisees, some of whom were infants. By the final order it appears that Hugh Martin, a party in his own right as administrator, and Ettie Martin, the only other adult devisee, demurred to the bill, and their demurrer was overruled. They also filed a joint answer, relying on the statute of limitations, laches, and presumption of payment by reason of the lapse of upward of twenty years' time. The note given for the purchase money had long been barred, and twenty-three years had elapsed from the date of the deed until suit was brought. This all appears on the face of the bill, and there is no reason or excuse alleged why the suit was not sooner instituted. In the case of *Thompson* v. *Iron Co.*, 41 W. Va., 574, (23 S. E. 795, Syl. point 5), this Court held the settled law of this State to be that "the defenses of the statute of limitations and laches and stale demand may be made by demurrer." Such being the case, it devolves upon the plaintiff who seeks the enforcement of a stale demand to allege such facts as will entitle him to the aid of a court of equity; otherwise, relief will be denied him. His claim, having been rendered inequitable by lapse of time, will be regarded as no claim at all, in the absence of reasonable excuse for the nonassertion thereof. *Jackson* v. *Hull*, 21 W. Va. 601.

For the foregoing reasons, the decree is reversed, and the demurrer of Hugh M. Martin and Ettie Martin is sustained, and the cause is remanded, with leave to the plaintiff to amend his bill if he desires to do so; otherwise to be dismissed.

*Reversed.*