EMMA KING, ALEXANDER E. GODWIN, LAURA E. WHITE AND JAMES K. WHITE, HER HUSBAND, WILLIAM C. MC-DONALD, MINNIE LEE WALLING AND DAVID A. WALLING, HER HUSBAND, ANNIE BOOTH AND WILLIAM R. BOOTH, HER HUSBAND, JAMES M. GODWIN, FLOY K. WILLIAMS, OSCAR E. WILLIAMS, HER HUSBAND, APPELLANTS, V. MATHEW L. DEKLE, APPELLEE.

BILL TO VACATE EXECUTION SALE, TO VACATE JUDGMENT AND TO DECLARE RESULTING TRUST—PARTIES—LACHES—DEFAULT JUDGMENT—JUDGMENT.

1.  Where the heirs at law of an intestate decedent, sometime subsequent to the final discharge of the administratrix appointed for said estate, file their bill in equity to set

aside a judgment recovered against such administratrix as such, and to set aside a sheriff's sale and deed of the lands of said estate made to satisfy such judgment, such lands being still held at the filing of the bill by the judgment creditor who was the purchaser thereof at such execution sale, such bill seeking to have an accounting from such judgment creditor for the rents, issues and profits of said lands during the time of his possession thereof, and of the indebtedness that he really holds against said estate that formed the basis of such judgment, and offering to allow such rents, issues and profits as a set off to such indebtedness and an adjustment of any balance thereof remaining unpaid, and praying that such judgment creditor be adjudged to hold said lands in trust for such heirs at law, and it appears by the bill that there are no other claims against said estate, and that the widow of the deceased who was such administratrix has had her dower fully allotted to her out of other lands of said estate, and said bill seeks no sort of relief against such administratrix either personally or representatively, and it appears that no right or interest of hers, personal or representative, can or will be in any way affected by such bill or the relief prayed if granted, under these circumstances; *Held*: That such former administratrix is not a necessary party either complainant or defendant to such bill.

2. The law is well settled that where it is clearly apparent upon the face of the bill that the complainants therein have slept so long upon their rights as to be guilty of laches in the assertion of them, such question of laches may be raised and determined upon a general demurrer for want of equity in the bill. Held in this case, that it is not so clearly apparent on the face of the bill that there has been laches on the part of the complainants as that such question can be fairly raised and determined upon a general demurrer to the bill for want of equity.

3. The clerks of our Circuit Courts have no power or authority

on the appearance day in a suit at law and in the presence of an appearance duly filed in the cause by the defendant, to enter either a judgment by default or a final judgment, and a final judgment entered by the clerk under such circumstances, and without the prior entry of a default judgment, is null and voidd on its face and subject to collateral attack.

This case was decided by Division B.

Appeal from the Circuit Court for Jackson County.

## STATEMENT.

The appellants, as complainants below, filed their bill in equity in the circuit court of Jackson county on the 21st day of July, 1905, against the appellee as defendant below, in which they alleged in substance as follows: That the complainants, excluding the husbands named, are the children and heirs at law of Alexander R. Godwin, late of Jackson county, Florida, deceased, with the exception of Floy K. Williams, who is the grandchild of said Alexander R. Godwin, she being the only child of his deceased daughter, Sarah R. Knapp; that said Alexander R. Godwin died intestate in Jackson county, Florida, on the 27th day of January, 1889, at which time all of the complainants, except Emma King, were minors; that Nellie Godwin, a child of said Alexander R. Godwin, after her marriage to William C. McDonald, died, leaving surviving her said husband and an infant child that died shortly after its mother, leaving as its sole heir its father, the said William C. McDonald; that the said Alexander R. Godwin died seized and possessed of a large estate consisting of both real and personal property in Jackson

county; that soon after the death of said Alexander R. Godwin, the defendant Mathew L. Dekle, who claimed to be a large creditor of the said deceased, and Benjamin S. Liddon, who was then and is now, a practicing attorney at law, called to see Sarah J. Godwin, the widow of said Alexander R. Godwin, at her home, and while there the said attorney suggested to the said Sarah J. Godwin that she make application for appointment as administratrix of said estate; that thereupon the said Sarah J. Godwin did make such application to the county judge of said county, and letters of administration were duly issued to her in February, 1889; that thereupon the said administratrix did employ the said Liddon as her attorney to apply for and obtain said letters of administration, and to advise, counsel and represent her in the administration of said estate and to secure her discharge upon the completion of such administration, and agreed to pay him the sum of $100 for such services, and that she did pay him the said agreed amount; that for said compensation the said Liddon became and was the attorney of the said Sarah J. Godwin as administratrix of said estate for and during the entire time of her administration thereof; that the defendant Mathew L. Dekle did sign and become a surety for the said Sarah J. Godwin upon her bond as the administratrix of said estate, which bond was for the sum of $2,000; that soon after the issuance of said letters of administration upon said estate to the said Sarah J. Godwin, the said defendant Mathew L. Dekle procured himself to be appointed and was appointed by the said Sarah J. Godwin as her agent in the management and control of said estate, and, as such agent, had and exercised the entire management and control of said estate from that time until the discharge

of the said Sarah J. Godwin as administratrix; that all
the acts and doings by the said Sarah J. Godwin as
administratrix of said estate were done and committed
by her upon the advice and counsel of the said Liddon, her
attorney, and the said Dekle as her agent as aforesaid;
that on the 26th day of September, 1889, while the said
Liddon and Dekle was the attorney and agent respectively
of the said administratrix, the said Liddon as attorney
for the said Dekle, did enter suit in assumpsit in the cir-
cuit court of Jackson county against the said Sarah J.
Godwin as administratrix of said estate to recover a large
sum of money claimed to be due and payable to said
Dekle from the said estate upon certain notes and one
account; that on the same day summons *ad responden-
dum* was issued in said cause and made returnable on the
7th day of October, 1889, and was served on the said
Sarah J. Godwin on the 27th day of September, 1889;
that on said return day a declaration was filed in said
cause by the said Liddon as attorney for the said Dekle;
that on the same day the said Sarah J. Godwin did sign,
make oath to and file in said cause, upon the advice of
said Liddon, her attorney as aforesaid, the following
paper which was prepared and written by the said Lid-
don, to wit: "Now comes the defendant and enters her
appearance herein. She says upon oath that she has ex-
amined the declaration filed herein, and that the causes of
action attached hereto; that she has no plea or defense
to the same; that according to the best of her knowledge,
the said causes of action are just, legal and are as stated
in the declaration;" that in signing and making oath to
the said paper she did so upon information given her by
the said Liddon and Dekle; that on the same day, to wit:
on the 7th day of October, 1889, the same being rule day

of said court, but not during any term of said court, upon the request of the said Liddon as attorney for said Dekle, the clerk of said court did enter judgment in said cause in favor of said Dekle in words and figures as follows: "Now at this day came the plaintiff by his attorney, and it appearing that due and legal service was had on the defendant ten days prior to this day; and it appearing further that the said defendant has this day filed herein a statement in writing in these words: 'That she has examined the declaration filed herein and causes of action attached thereto, that she has no plea or defense to the same, that according to the best of her knowledge the said causes of action are just and legal and as stated in the declaration,' it is therefore considered by the court that the plaintiff have judgment against the said defendant. The clerk assesses the damages at the sum of twelve thousand and one and 37-100 dollars ($12001.37). It is therefore considered by the court that the said plaintiff recover of the said defendant the said sum of twelve thousand and one and 37-100 dollars ($12001.37), for his damages herein sustained, as well as the sum of nine and 50-100, his costs herein expended, to be levied of the goods and chattels, lands and tenements of the said defendant that have or may come to her hands to be so administered, and to the said plaintiff rendered, and that execution do issue therefor." That afterwards on the 18th day of October, 1889, the said Liddon as attorney for said Dekle, did cause execution to be issued on said judgment, and to be placed in the hands of the sheriff of said county. Certified copies of all the papers and proceedings in said suit in assumpsit are attached as exhibits to and made part of said bill. That as appears by the record in said

cause the said Sarah J. Godwin entered her appearance in said cause on the said 7th day of October, 1889; that no default was entered against her in said cause on said day; that the said promissory notes mentioned in the declaration and sued upon in said cause were not produced and filed in said cause; that the record and entry of said judgment by the clerk of said court does not recite that said notes were produced and filed in said cause; that the record and entry of said judgment by the clerk of said court does not recite that the said clerk ascertained the amount which the said Dekle was entitled to recover in such action upon the said account mentioned in the declaration and sued upon from any proof other than the statement filed by the said Sarah J. Godwin in said cause; that the amount for which judgment was entered as aforesaid, viz: $12001.37, was greatly in excess of the amount shown to be due and owing by the declaration filed in said cause; that the amount shown to be due and owing as aforesaid was about $11,165.55; that between the 28th of January, 1884, the date of the two said notes sued upon in said suit, and the date of the death of said Alexander R. Godwin, or for a great part of that time, the business dealings between said Alexander R. Godwin and the said firm of W. J. Daniel & Company were many and continuous, and consisted among other things, of advances from time to time from the said firm to said Alexander R. Godwin, who was engaged in the business of farming on the lands hereinafter described, and payments by the said Alexander R. Godwin from time to time the said firm on account of said advances and said notes; that as shown by the record in said assumpsit suit, the credits upon said notes consisted of amounts brought from ledger accounts; that the amount that was actually due and

owing to the said Dekle by the said estate of Alexander R. Godwin is unknown to orators; that thereafter, to wit, on the ...... day of .............., 1889, the said Liddon, as attorney for the said Dekle, did cause the sheriff of Jackson county to levy upon a large' body of land belonging to the estate of the said Alexander R. Godwin, deceased, under said execution, and on the 5th day of December, 1889, did cause the said sheriff to sell the same at public auction, and at said sale the said Dekle did buy the same for the sum of $4210; that the said Sarah J. Godwin was not present or represented at said sale except by the said Liddon and Dekle, her attorney and agent respectively; that upon said sale being made as aforesaid to the said Dekle, said sheriff did execute a deed to the said lands to the said Dekle, which deed was duly recorded in the public record of Jackson county; that upon receiving said deed the said Dekle went into possession of said land and has remained in possession thereof ever since, except the several small parcels thereof hereinafter describd.

A certain described portion of the land so sold and conveyed to Dekle, the bill alleges, that Alexander R. Godwin only owned an undivided three-fourths interest in, and in a certain other described portion thereof the bill alleges that he owned only an undivided one-half interest in; that the lands belonging to the estate of said Alexander R. Godwin, deceased, that were so sold and conveyed to the said Dekle as aforesaid, amount to about 2635 acres; that a great part of said land was cultivated during the said year 1889, and had been cultivated a number of years prior thereto, and has been cultivated every year since; that said lands are very rich and productive; that the price for which said lands were sold to the said

Dekle in December, 1889, viz: $4,210, was grossly inadequate; that at said time said lands were fairly and reasonably worth the sum of $20,000; that the net yearly rents, issues and income produced, collected and received by the said Alexander R. Godwin for the last year of his life, viz, 1888, amounted to not less than $2,000, and that the net yearly rents, issues and income produced, collected and received by the said Dekle from said lands since the said sale thereof to him in December, 1889, have seldom, if ever, been less than $2,000, and for a number of years exceeded that amount; that on December 27th, 1890, the said Dekle sold and conveyed to the said Sarah J. Godwin a part of said land described as being the E½ of S. W. ¼ of section 30, township 5 north, range 11 west, containing 80 acres more or less, for the sum of $900; that on the 16th day of April, 1904, the said Dekle sold and conveyed to one Theodore R. Holliday that part of said land described as follows: "Begin at the N. E. corner of Low Boker's lot in the S. W. ¼ of the S. W. ¼ of section 30, Tp. 5 N., R. 11 W., and run thence north 70 yards, thence west to the western boundary of said section 30, thence south along the said boundary line to the S. W. corner of said section 30, thence east to the S. W. corner of the said Low Boker's lot, thence north to the N. W. corner of the said lot, thence east to the point of beginning, for the sum of $110; that on April 7th, 1892, the said Dekle sold and conveyed to the said Sarah J. Godwin a small part of the S. W. ¼ of the N. W. ¼ of section 16, Tp. 5 N., R. 11 W., which the said Sarah J. Godwin on the 27th of February, 1900, resold and reconveyed to the said Dekle; that since the sale of said lands to said Dekle in December, 1889, the said Sarah J. Godwin as administratrix as aforesaid has made payments to the said

Dekle upon the said judgment and execution as follows: On the 28th day of February, 1890, the sum of $2097.17. On the 23rd day of July, 1891, the sum of $555.90. That on the 28th day of January, 1884, the said Alexander R. Godwin, mortgaged to one William J. Daniel and the said Mathew L. Dekle, partners, under the firm name of W. J. Daniel & Co., and the said M. L. Dekle, William J. Daniel and one A. T. M. Dekle, partners, trading as M. L. Dekle & Co., about 1815 acres of the said land sold to the said M. L. Dekle by the said sheriff on December 5th, 1889; that said mortgage was given to secure the payment of promissory notes for the sum of $4,400 and $2,750 respectively, upon which said M. L. Dekle instituted his said suit in assumpsit and obtained the said judgment against the said Sarah J. Godwin as administratrix, and also one note for the sum of $1,000, due October 1st, 1884, and payable to the said M. L. Dekle & Company, which said mortgage was recorded in the public records of said Jackson county; that no suit was ever brought to foreclose said mortgage; that on the 21st day of June, 1889, and prior to the beginning of the said suit of the said Mathew L. Dekle against the said Sarah J. Godwin as administratrix of the estate of Alexander R. Godwin, deceased, there had been allotted to the said Sarah J. Godwin by decree of the circuit court of said Jackson county upon her petition, her dower interest in the lands of said estate, and that the lands allotted to her as her said dower embraced no part of the lands sold and conveyed to the defendant Mathew L. Dekle as hereinbefore set forth by the said sheriff under his said judgment and execution against the said Sarah J. Godwin as such administratrix; that on the 27th day of July, 1891, the said Sarah J. Godwin was discharged by the county judge of said Jackson

county from the administration of said estate; that by reason of the facts and circumstances hereinbefore set forth the said judgment entered in the said circuit court of Jackson county in favor of said Mathew L. Dekle, and against the said Sarah J. Godwin as administratrix of said estate was and is illegal and void, and the said sale and deed of the said lands to the said Dekle under said judgment were to the great detriment and injury of the said heirs of the said Alexander R. Godwin and was and is fraudulent and void as against the said heirs and each of them, and that the said Mathew L. Dekle holds all of said lands so sold to him and not heretofore sold and conveyed by him to other parties, in trust for the said heirs and each of them, and that upon a just and true settlement of accounts it would appear that the net rents, issues and incomes produced, received and collected by the said Mathew L. Dekle from the said lands since his possession thereof, and the proceeds from the sale by him of parts of said land greatly exceeds any and all amounts justly and truly due and owing to the said Dekle by the estate of the said Alexander R. Godwin, deceased. The bill prays that the said judgment may be decreed to be illegal and void; that said sale thereunder and sheriff's deed to said lands be decreed to be fraudulent and void as against the said heirs at law and each of them; that said Dekle be decreed to hold all of said lands that have not heretofore been sold and conveyed by him, in trust for the said heirs at law and each and every of them, and that he be decreed to convey the same to them by proper conveyances; that an account may be taken under the direction and orders of the court of all the rents, incomes, issues and profits received and collected by the said Dekle from said lands since his possession thereof, and the pro-

ceeds of sales of such parts of said land as he may have sold and conveyed to other parties, and the amounts justly and truly due and owing to him by said estate, and the respective rights of the said Dekle and said heirs at law and each of them ascertained, and that he be decreed to pay to the said heirs at law and to each of them, what, if anything, shall appear upon such account to be due to them and each of them, and that he be allowed to retain such amounts, if any, as shall appear to be due to him by the estate of said Alexander R. Godwin, or that he may be decreed to retain so much of such land as may be equivalent in value to such amount, if any, as shall appear to be due to the said Dekle by the said estate.

The defendant demurred to this bill upon the following specified grounds: "1st. That the said complainants have not in and by their said bill made or stated any such cause of action as doth or ought to entitle them to the relief, or any part of the relief prayed.

2nd. That is appears by said bill of complaint that one Sarah J. Godwin, widow and administratrix of Alexder R. Godwin, deceased, is a necessary party complainant to said bill.

3rd. That it appears by said bill of complaint that one Sarah J. Godwin, widow and administratrix of Alexander R. Godwin, deceased, is a necessary party defendant to said bill."

On February 13th, 1906, the circuit judge made an order sustaining this demurrer to the bill, allowing until the rule day in March, 1906, to the complainants in which to amend their bill, and on March 19th, 1906, the complainants having failed to amend, made an order dismissing the bill at the cost of the complainants. From this

final decree the complainants appeal to this court. The assignments of error are that the court below erred in sustaining the demurrer of the defendant to the complainants' bill, and in rendering the final decree dismissing said bill.

*Blount & Blount* and *E. D. Beggs,* for Appellants;

*Benj. S. Liddon* and *C. L. Wilson,* for Appellee.

Taylor, J. *(after stating the facts)* : It is contended that the demurer to the bill is well taken because of the omission to make Sarah J. Godwin, the widow and former administratrix of the estate of Alexander R. Godwin, deceased, a party, either complainant or defendant. We fail to discover any reason or necessity for making her a party to the proceeding. No right or interest of hers is sought to be, or can be, affected in any way by the relief sought, if granted or refused. She has no apparent interest in the judgment sought to be overturned, nor in the lands sought to be recovered. The bill shows that she has long since been discharged from the administration of the estate, and that she has long since had her dower in the estate allotted to her, and this allotment is not sought to be affected or disturbed, neither is her discharge as administratrix affected in any way. Neither is her alleged purchase of a portion of the land from Dekle that he purchased at the sheriff's sale attempted to be disturbed or affected. In other words, she has no apparent right or interest, either personal, representative or proprietary, in the subject matter of the litigation that is sought to be or can be affected thereby directly or remotely, and

she is, therefore, not a necessary party to the proceeding either complainant or defendant.

It is again contended that the bill is subject to the general demurrer interposed for want of equity, because it shows upon its face that the complainants, if they ever had any rights in the premises, have been guilty of great and inexcused laches in asserting them. The law seems to be quite well settled that where it is clearly apparent upon the face of a bill that the complainants therein have slept so long upon their rights as to be guilty of laches in the assertion of them, that such question of laches may be raised and determined upon a general demurrer for want of equity in the bill. Anderson v. Northrop, 30 Fla. 612, text 646, 12 South. Rep. 318; Speidel v. Henrici, 120 U. S. 377, 7 Sup. Ct. Rep. 610; Landsdale v. Smith, 106 U. S. 391, 1 Sup. Ct. Rep. 350; National Bank v. Carpenter, 101 U. S. 567; Jarvis v. Martin's Adm'r, 45 West Va. 347, 31 S. E. Rep. 957; 18 Am. & Eng. Ency. Law (2nd ed.) p. 100 and citations. We do not think, however, that laches on the part of the complainants is so glaringly apparent on the face of the bill in this case as that the question of laches can properly, fairly and fully be raised and determined upon a general demurrer to the bill for want of equity. The transactions complained of occurred in 1889, and the bill distinctly alleges that all of the complainants except one were under the disability of minority. The bill filed in 1905, 'tis true, does not disclose at what time such disability ceased, but the admitted fact that such disability did exist at he time of the transactions complained of, makes the presence of laches or no laches on the complainants' part so questionable or non-apparent as that it cannot properly be presented or determined upon a general demurrer for want

of equity; but as laches, if not apparent on the face of a complaint, is a defense to be urged by the party alleging it, it will have to be presented here by plea or answer and not by demurrer. As to the judgment in favor of the defendant Mathew L. Dekle against Sarah J. Godwin as administratrix of the estate of Alexander R. Godwin, deceased, we have no hesitation in concluding that, according to the expose of it made in the record in this case it is utterly null and void upon its face, and consequently that it is vulnerable to collateral attack. The most that can be urged in its support is to say that it has somewhat the semblance of a judgment by confession on the part of the defendant administratrix therein, but it lacks essential elements of even a judgment by confession, even if it be conceded that an administrator can legally bind his intestate's estate by a confession of judgment. The defendant administratrix in this instance did not confess upon the record that the claim sued for was in fact just, correct, owing and due by her intestate's estate as alleged in the declaration, but her statement of record was, "that according to the best of her knowledge the said causes of action are just, legal, and are as stated in the declaration," without stating in what the best of her knowledge consisted, or whether she had any knowledge on the subject at all or not. Her statement amounted to nothing more than a disclaimer on her part of any knowledge on the subject of such claims, and of the possession of any defense to such suit by her. Her statement, however, did contain an appearance on her part in the cause on the proper appearance day, and yet the clerk of the court entered final judgment on such appearance day in the presence of the defendant's due appearance therein, without any prior default being taken. Such judgment, under

the circumstances, was void upon its face and a nullity. Wilhelm v. Locklar, 46 Fla. 575, 35 South. Rep. 6. Consequently the sheriff's sale made thereunder is a nullity also.

Under the circumstances, as disclosed by the bill herein, unless controverted and met by answer and proofs, or unless it be disclosed that the complainants have been guilty of such laches in seeking redress as will deprive them of relief in equity, the complainants are entitled to the relief they seek, and the court below erred in sustaining the demurrer to the bill and dismissing the same. The decree of the court below in said cause, is therefore, hereby reversed, at the cost of the appellee, and the cause is remanded to the court below with directions to overrule the defendant's demurrer to the bill of complaint, and for such further proceedings as may be in consonance with equity.

HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.