# Fowler *v.* Alabama Iron & Steel Co.

*Bill to Enjoin Ejectment Suit and to Decree Ownership.*

(Decided Jan. 13, 1910.—51 South. 393.)

1. *Injunction; Laches.*—Where a company or its predecessors in interests were in possession of lands asserting an equitable title, or if there was no actual possession were asserting general acts of ownership such company was not guilty of laches in not resorting to equity to obtain the legal title before being sued in ejectment for the land.

2. *Injunction; Pleading; Construction of Bill.*—On the presumption that the complainant had stated its case as strongly as the facts would justify and the bill, which sought to enjoin an action in ejectment and to have complainant's title to the land decreed, alleged that complainant was in possession of the mineral strata of the land when the bill was filed, but failed to disclose anything in respect to the possession of the surface of the underlying mineral strata prior to that time, the possession of the mineral strata must be treated as having been with the respondent prior to the bringing of the ejectment action, and the question of laches should be considered on the hypothesis that the complainant was out of possession prior to the bringing of such action.

3. *Same; Laches.*—Were it appeared that complainant's predecessor in interest had hired an agent to purchase mineral rights in the land in question, the principal furnishing the money 'and the agent's compensation to be the surface rights, and the agent had taken a deed to the entire fee in the name of his infant son, subsequently deeding to his principal the mineral rights in his own name, and the bill recited that the complainant had acquired its rights in them eighteen years after the deed to the infant son, and that for about the same length of time the alleged fraudulent deed was withheld from record, and the filing of. the bill was delayed for yet seven years longer, and it failed to show that the complainant and. those from whom. it derived its title were in possession during the twenty years or more which elapsed prior to the action in ejectment which the bill seeks to enjoin, giving rise to the presumption that they were out of possession during that time, complainant could not recover as no excuse was shown for the great delay in asserting its right.

4. *Infants; Estoppel; Fraud.*—Although infants are not generally bound by estoppels, equity will not allow them to take advantage of their incapacity by claiming the fruits of a fraud; so when it appears that an agent who was entrusted with the purchase of mineral interest in land, his compensation therefor being the surface, secretly took a deed to the whole fee in the name of an infant son and failed for eighteen years to record the deed, and shortly after taking the deed conveyed the mineral interest to his prin-

[Fowler v. Alabama Iron & Steel Co.]

cipal in his own name the son became at law a trustee ex male-ficio for the successor in interest of the principal as to the mineral interest in the land.

5. *Limitation of Action; Accrual of Right of Action; Infancy.*— Under the facts made by the bill a bill could have been filed for the recovery of the mineral interests in the land immediately upon the execution of the deed to the infant, and hence, limitation began to run then unless the wrong was fraudulently concealed.

6. *Trusts; Enforcement; Laches and Stale Demand.*—A stale demand is not freshened or relieved by passing from hand to hand so that laches began to gather strength to the detriment of those holding the equitable title through the principal under a fraudulent conveyance, unless without culpable negligence on the part of the principal and his successors in interest, they remained in ignorance of their rights or some other sufficient excuse was shown for the delay.

7. *Equity; Demurrer; Laches.*—A demurrer will lie for laches as well as for statutory limitations appearing on the face of the bill.

8. *Same; Laches; Statute of Limitations.*—Equity acts in accordance with the analogy furnished by the statute of limitations in applying the doctrine of laches, and if corresponding legal rights asserted under similar conditions would be barred, the equitable action is held to have been lost by laches; the rule, of course, being subject to modification, arising out of the relation of parties which must be considered under recognized principles such as infancy and mental unsoundness.

9. *Same.*—Where the charge of laches rests upon delay which appears from the face of the bill to have been short of the statute of limitations period, circumstances which would operate to destroy the right asserted by the bill should be offered in defense; but if the bill on its face shows a lapse of time in excess of the period of limitation, special matters obviating the rule of analogy between laches and limitations should be set up in the bill.

APPEAL from St. Clair Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by the Alabama Iron & Steel Company against Samuel O. Fowler to enjoin an ejectment suit, and to decree title to certain lands. From a decree overruling demurrers to the bill respondent appeals. Reversed and remanded.

GOODHUE & BLACKWOOD, for appellant.—The relief sought is barred by laches.—16 Cyc. 180; *Sternes v. Page,* 7 How. 828. Under the averments of the bill it will be presumed that the conveyances were without

consideration and there is no question of bona fide purchaser involved. The bill fails to allege the facts sufficient to excuse the apparent laches.—22 Ency. P. & P. 129; *Badger v. Badger,* 2 Wall. 87; *Felix v. Patrick,* 145 U. S. 340. Mere ignorance of rights without excusing or explaining its unreasonable continuance is not sufficient.—*Underhill v. Ins. Co.,* 67 Ala. 45; *Young v. Keighly,* 16 Ves. 248. Nearly every proposition involved in this case has been decided by this court in the case of *Lady E. C. I. & R. R. Co. v. Gordon,* 46 South. 983. Limitations run against a constructive trust and such trust is entirely barred after the lapse of twenty years unless the bill clearly alleges and shows fraudulent concealment.— *Montgomery L. & P. Co. v. Lahey,* 121 Ala. 136; *Hancy v. Legg,* 129 Ala. 619; *Tarlton v. Goldthwaite,* 23 Ala. 358.

HOOD & MURPHREE, for appellee.—The doctrine of laches obtaining in this court is exemplified in the following cases.—*First Nat. Bank v. Nelson,* 106 Ala. 542; *Montgomery L. & W. P. Co. v. Lahey,* 121 Ala. 132; *Scruggs v. Decatur M. & L. Co.,* 86 Ala. 173; *Shorter v. Smith,* 56 Ala. 208. The statute will not begin to run until the cestui que trust has notice of a repudiation or breach of the trust by the trustee.—*Harold v. Weaver,* 72 Ala. 373; *Waller v. Jones,* 107 Ala. 350; *Nettles v. Nettles,* 67 Ala. 599; *Haney v. Legg,* 129 Ala. 619.

SAYRE, J.—Appellant having in July, 1907, sued appellee in ejectment for the recovery of "the following tract of land, the mineral interest and mining rights in and to" the tract described in the complaint, the appellee filed the bill in this case to enjoin that suit and to have its ownership of the land decreed. The decree of

the chancellor overruling a demurrer to the bill is brought here for review.

The facts, some of which are averred in an alternative way, are peculiar, and may be fairly'stated, for the purpose of the consideration of the main question raised by this appeal, as follows: In the year 1882 A. J. Crawford, acting through one Beers, employed S. T. Fowler to purchase mineral interests in lands in Etowah and St. Clair counties, furnishing money for that purpose. Fowler was to have the surface of the lands so purchased in part compensation for his services. The land in question, surface and mineral right, was purchased under that agreement and paid for out of Crawford's money. S. T. Fowler fraudulently or wrongfully, as the bill states it, procured the vendor to make a deed of the entire fee to his son, S. O. Fowler, then an infant of three or four years. Within a few weeks thereafter he made a conveyance of the mineral interest to Beers, and Beers in turn conveyed the like interest to Crawford. In the year 1900 the mineral interest in question passed by conveyance through one Elliott to the appellee, complainant in the court below. On the day Elliott purchased from Crawford, the deed to S. O. Fowler was filed for record. At that time Crawford Beers, and the original vendor were all dead. The bill is silent as to whether the complainant, or any of its predecessors in interest, had knowledge or notice of the conveyance to S. O. Fowler prior to its filing for record, and this omission to speak is made the basis for appellant's main insistence, which is that the complainant fails to discharge by appropriate averment the onus of rebutting the inference of laches, which must be drawn from the lapse of time since the breach of trust.

A further averment of the bill is that complainant was in possession of the mineral strata at the time of

the bill filed. The bringing of the action at law was an assertion by the plaintiff there, defendant here, that complainant in this cause was then in possession. The bill fails to disclose anything in respect to the possession of either surface or the underlying mineral strata prior to that time. Since the time when complainant —or its predecessors in interest, if that was the case— came into possession and had been so asserting its equitable title, it has not needed to invoke the affirmative relief of equity, except in response to the action at law now pending. During such time the doctrine of laches had no application to its situation; and doubtless for this purpose, if there were no actual possession, general acts of ownership would be sufficient.—*Ruckman v. Corey*, 129 U. S. 387, 9 Sup. Ct. 316, 3 L. Ed. 728; *Hayes v. Carroll*, 74 Minn. 134, 76 N. W. 1017; *Hall v. Peoria, etc., Ry. Co.*, 143 Ill. 163, 32 N. E. 598; *Harold v. Weaver*, 72 Ala. 373; 5 Pom. Eq. Jur. § 33. But the complainant can have no advantage from its omission to state the fact in reference to the possession of the premises—by which we mean the underlying mineral strata —prior to the bringing of defendant's action to recover possession. The presumption that defendant had possession is not inconsistent with any fact alleged in the bill. It must be presumed that complainant has stated its case as strongly as the facts would justify; and for this reason, or because possession is to be referred to the legal title, or for both reasons, the possession of the mineral strata must be treated as having been with the defendant; and the question of laches must be considered on the hypothesis that complainant was out of possession prior to the bringing of the suit in ejectment.

Although infants are not generally bound by estoppels, courts of equity hold to their power of dealing with every form of fraud by going at once to the essential

merit and morality of transactions; and, so dealing, they will not allow an infant to take advantage of his incapacity, whether natural or imposed by law for his protection, by claiming the fruits of a fraud.—Perry on Trusts, § 170; *Goodman v. Winter,* 64 Ala. 410, 38 Am. Rep. 13. So far, then, as the rights of Crawford and his successors in interest are concerned, the deed procured by Fowler to his son, the defendant, though the latter was incapable of any intent whatever, will be considered as their confederated breaking up and repudiation of the trust reposed in the former, with the result that the son became by construction of law a trustee for the complainant—a trustee ex maleficio.—*Robinson v. Pierce,* 118 Ala. 273-301, 24 South. 984, 45 L. R. A. 66, 72 Am. St. Rep. 160. Immediately thereafter complainant's first predecessor in interest might have filed his bill, and the statutory limitation began to run, unless the wrong was fraudulently concealed.—*Tarleton v. Goldthwaite,* 23 Ala. 346, 58 Am. Dec. 296. From that time, also, the peculiar equitable principles of laches began to gather strength to the detriment of the equitable title here asserted by complainant, unless, without culpable negligence on the part of those under whom it claims, they remained in ignorance of the invasion of their rights, or some other sufficient excuse for delay be shown.

It is the settled rule of practice in this state that a demurrer will lie for laches, as well as for statutory limitation appearing on the face of the bill.—*Greenlees v. Greenlees,* 62 Ala. 330; *Scruggs v. Decatur Mineral Co.,* 86 Ala. 173, 5 South. 440. It is familiar learning that in the application of the doctrine of laches courts of equity act in accordance with the analogy furnished by the statute of limitation, so that if the corresponding legal right, asserted under similar conditions, would be

barred, the equitable action is held to have been lost by laches—by the neglect to assert it within a reasonable time. This rule is subject to modifications arising out of the relations of the parties, and which other recognized principles of equity jurisprudence require to be considered.—*Montgomery Light Co. v. Lahey,* 121 Ala. 131, 25 South. 1006. Such qualifying circumstances may be found in the complainant's ignorance of his rights, or his infancy, or mental unsoundness, or that he was in possession, or the pendency of another suit to enforce the same right, the existence of confidential relations, estoppel of the defendant, and in other circumstances as to be found noted in the reports of the adjudicated cases. In a case where the charge of laches rests upon delay only, and that delay appears on the face of the bill to have been short of the period of limitation, the reason of the rule of analogy obviously would require that special circumstances operating to destroy the right asserted should be brought forward by way of defense. Where, however, the bill shows a lapse in excess of the period of limitation, it would seem that special matters obviating the rule of analogy should be brought forward in the bill. And this is the rule stated by the authorities.—*Henry Co. v. Winnebago Drain Co.,* 52 Ill. 299; *Jarvis v. Martin,* 45 W. Va. 347, 31 S. E. 957; Fletcher, Eq. Pl. & Pr. § 92. And in 16 Cyc. 180, it is laid down that, "when suit is brought within the time fixed by the analogous statute, the burden is on defendant to show the existence of the circumstances amounting to laches. When the suit is brought after the statutory time, plaintiff must plead and prove that laches does not exist, and the facts must be specifically and precisely pleaded." Laches cannot be imputed to the injured party until the fraud of which he complains has been discovered, or facts learned calculated to ex-

[Fowler v. Alabama Iron & Steel Co.]

cite inquiry which would lead to discovery. "But as lapse of time necessarily obscures the truth and destroys the evidence of past transactions, courts of chancery will exercise great caution in sustaining bills which seek to disturb them. They will hold the complainant to stringent rules of pleading and evidence, and require him to make out a clear case. * * * And especially must there be distinct averment as to the time when the fraud, mistake, concealment, or misrepresentation was discovered, and what the discovery is, so that the court may clearly see whether, by the exercise of ordinary diligence, the discovery might not have been made.— *Stearns v. Page,* 7 How. 819-829, 12 L. Ed. 928. "This is necessary to enable the defendant to meet the fraud and the time of the discovery."—*Moore v. Greene,* 19 How. 69-72, 15 L. Ed. 533. To the same effect are *Badger v. Badger,* 2 Wall. 87, 17 L. Ed. 836; *Felix v. Patrick,* 145 U. S. 317, 12 Sup. Ct. 862, 36 L. Ed. 719, and other cases there noted.

In the case at hand it appears on the face of the bill that complainant company acquired its rights by conveyance 18 years after the fraud it now complains of, and that for about the same length of time the deed, the execution of which constituted the alleged fraud, was withheld from the record. The filing of the bill was delayed for yet 7 years longer. The complainant acquired no superior right to that of its immediate and several remote predecessors in interest. Assuming, for either of the sufficient reasons hereinafter noted, that complainant and those from whom it derives title were out of possession during the 20 and odd years which elapsed prior to defendant's action of ejectment, no excuse for the great delay in asserting its rights being shown, it must be also assumed that complainant has no excuse. It is insisted in argument that an inference

[Fowler v. Alabama Iron & Steel Co.]

of the ignorance of complainant and its predecessors that their rights had been invaded must be drawn from the stated fact that the fraudulent deed was withheld from the record. This is an influential evidential fact, to be sure; but its allegation is not the equivalent of the allegation that during the long time which has elapsed complainant and its predecessors have remained in ignorance of the breach of trust. It by no means excludes the conclusion as matter of pleading that the fraud was known during the entire time subsequently elapsing. It is true, also, that S. T. Fowler, never having acquired title himself, was without power by his deed to Beers to effect a severance between the title to the minerals and the upper soil, and that, none the less, the conveyance appeared to effect a severance, and appeared to be in strict accord with the trust; whereas, it may have been in fact a mere cover for a breach of it. It is also true that under these circumstances the subsequent possession by defendant of the surface, without more, would carry no intimation or notice of an adverse claim to the minerals; but all this is entirely consistent with the hypothesis that some one or all of the parties through whom the complainant traces his equity had full knowledge, and, on demurrer, in the absence of an allegation to the contrary, it must be assumed that such was the case. The probable difficulty of making the necessary allegation of ignorance with expectation of sustaining it in proof is appreciated. It may be true, as Lord Erskine has asserted, that "no length of time can prevent the unkenneling of a fraud." But other principles need observance. The salutary rule of pleading which we have considered and stated requires that, if the delay in asserting a right against adverse claim be great, a sufficient excuse be alleged. There is, of course, a corresponding rule in respect to

the burden of proof. Nor is a stale claim freshened or relieved of this burden by passing from hand to hand.

It follows that the chancellor, in making his decree, was not governed in all respects by the principles we have noted, and that the decree overruling the demurrer to the complainant's bill was in error. The decree will be reversed, and, in order that the complainant may be given such opportunity for amendment as may seem proper to the chancellor, the cause will be remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.