146 So. 802

## MULLEN v. FIRST NAT. BANK OF MONTGOMERY.

### 3 Div. 27.

Supreme Court of Alabama.
March 16, 1933.

Lange, Simpson & Brantley, of Birmingham, amici curiæ.

W. J. Fuller and Wm. F. Thetford, Jr., both of Montgomery, for appellant.

R. S. Hill, Jr., of Montgomery, for appellee.

KNIGHT, Justice.

Bill by complainant to have the court declare two certain conveyances, executed by J. G. Mullen to appellant, general assignments for the benefit of the creditors of said J. G. Mullen. The first of the conveyances is a mortgage, executed on the 22d day of January, 1926, to secure a recited indebtedness of $7,000, evidenced by note, and due and payable one year after date, with interest at 8 per centum per annum. The property conveyed consisted of five vacant lots, and a house and lot, all situated in the city of Montgomery, Ala. The second conveyance is a deed, executed on the 12th day of March, 1928, by which the said J. G. Mullen undertook to convey all the property, included within the terms of the mortgage, except three of the lots which had been previously conveyed by said J. G. Mullen to his wife in settlement of a claim for alimony.

In its bill, the complainant averred that the said J. G. Mullen, by the mortgage and deed, conveyed to the said W. P. Mullen substantially all of the property then owned by him, subject to execution, in payment of a prior debt, and by virtue of which a preference or priority of payment was given to one creditor over the remaining creditors of the grantor. Copies of the deed and mortgage were made exhibits to the bill.

The said J. G. and W. P. Mullen were each made parties defendant to the bill, but after the filing of the same, the said J. G. Mullen died, and the bill was thereupon amended by "striking therefrom said J. G. Mullen, now deceased, as a party respondent in said

cause." No question was made in the court below as to the nonjoinder of the personal representative of said J. G. Mullen in the bill, and the evidence shows that the said decedent left no surviving widow, and that the said W. P. Mullen is his only heir at law.

To the bill as amended. the defendant interposed a number of grounds of demurrer, and this demurrer was overruled by the court. This ruling of the court is assigned for error, but the only ground of demurrer here argued is the one which presents the question of laches, predicated upon the failure of the complainant to use due diligence in collecting its debts from one B. Lowry.

It is made to appear from the averments of the bill that on the 22d day of January, 1926, and prior thereto, the said J. G. Mullen was indebted to the Fourth National Bank of Montgomery by virtue of his indorsement of a note of one B. Lowry, payable to said Mullen, to said bank, and it is further made to appear that this note was from time to time renewed by Lowry, and each renewal thereof was indorsed by said Mullen and delivered to the bank when so indorsed; and that said debt and note evidencing the same were transferred, assigned, pledged, or hypothecated to the First National Bank, and, since it was so transferred and assigned to the First National Bank, the same was renewed on March 31, 1930, and indorsed by the said J. G. Mullen, and made payable to the First National Bank in the sum of $570, the balance due, and that the complainant was the owner of the same.

Thus it is made to appear from the bill that any delays that have occurred in the collection of the note have had the full acquiescence and consent of the indorser, J. G. Mullen.

■ We have been cited to no adjudged case supporting the appellant's contention that the complainant is barred by laches of its right to have the conveyances declared a general assignment for the benefit of the general creditors of said J. G. Mullen. Certainly it does not appear on the face of the bill that the complainant, or its predecessor in title to said note, has been guilty of any laches in the assertion of any of its rights, and to be availing, on demurrer, the bill must disclose laches, otherwise the defense must be made by answer or plea. Hogan v. Scott, 186 Ala. 310, 65 So. 209; Glass et al. v. Stamps et al., 213 Ala. 95, 104 So. 237; Gayle et al. v. Pennington, 185 Ala. 53, 64 So. 572; Fowler v. Alabama Iron & Steel Co., 164 Ala. 414, 51 So. 393; Greenlees v. Greenlees, 62 Ala. 330; Scruggs v. Decatur Mineral & Land·Co., 86 Ala. 173, 5 So. 440; Montgomery Light Co. v. Lahey, 121 Ala. 131, 25 So. 1006.

■■ In cases where the charge of laches is predicated upon delay only, and that delay appears on the face of the bill to have been short of the period of limitation. the reason of the rule of analogy obviously requires that special circumstances operating to destroy the right asserted should be brought forward by way of defense. In cases, however, where the bill shows a lapse in excess of the period of limitation, it would seem that special matters obviating the rule of analogy should be brought forward in the bill. The bill in the present case does not show a lapse in excess of the limitation, and there appears nothing upon the face of the bill to indicate lack of due diligence. Gayle v. Pennington et al.. supra; Henry County v. Winnebago Swamp Drainage Co., 52 Ill. 299; Jarvis v. Martin's Adm'r, 45 W. Va. 347, 31 S. E. 957; Fletcher Eq. Pl. & Pr. § 92.

The demurrer to the bill was properly overruled.

It appears from the evidence in this case, that after the execution of the deed to said W. P. Mullen, that is to say, some time in the year 1930, the said J. G. Mullen was adjudicated a bankrupt, and M. H. Stuart was duly appointed trustee of the bankrupt estate of said J. G. Mullen. After his appointment as such trustee, Stuart, as such trustee, filed a bill in the circuit court of Montgomery county seeking to have the identical mortgage and deed involved in this suit declared to be fraudulent and void as against the creditors of the said Mullen, and to declare the property conveyed by the said conveyances assets of the bankrupt estate of said J. G. Mullen. On final hearing of that cause, on the pleadings and proof, the court denied complainant the relief sought and dismissed the bill of complaint. Some short while after that decree was rendered, the present bill was filed. The evidence introduced in the Stuart, trustee, case, conclusively established the bona fides of the indebtedness of the said J. G. Mullen, the father, to his son W. P. Mullen, and it also established another fact—that the property conveyed by the two instruments constituted substantially all the property of the debtor. Thereupon the present bill was filed. The testimony of J. G. Mullen and W. P. Mullen offered on the first case was, by agreement, introduced on the hearing of the present suit, but other testimony was offered tending to show that the property conveyed by the two instruments did not constitute all of the property of the debtor. The court, however, held that it did. We have carefully examined and considered all the evidence noted by the register in the case, and none other, and, after such consideration, we see no reason to disturb the finding of the lower court, and his decree will be here affirmed, with the modification herein noted.

■ It appears from the evidence in the cause that the lot, upon which the residence is located constituted the homestead of the said J. G. Mullen at the time of the conveyances, and it further appears that, upon said dates, the said grantor was a bona fide resident of

the state of Alabama. In this state of the proof, the grantor was within his rights in conveying the homestead to the extent of his exemptions therein, and no creditor could complain at such action.

In the case of Shirley v. Teal, 67 Ala. 449, it is held that when a debtor conveys substantially all his property, subject to levy and sale under execution, intending thereby to give him a preference, it will not operate as a general assignment of any property which is exempt from levy and sale under execution. This pronouncement is manifestly sound, and has been, in principle, adhered to in many adjudications of this court. It was upon the reasoning and principle of this case that this court was led to adopt the views of Chief Justice McClellan, over those of Justice Coleman, in the case of Kennedy v. First National Bank of Tuscaloosa, 107 Ala. 170, 18 So. 396, 36 L. R. A. 308.

The deed and mortgage of J. G. Mullen to W. P. Mullen to the extent of conveying the homestead exemptions of the grantor were effective and valid. The homestead, according to the undisputed evidence, was and is of greater value than $2,000. The decree rendered is here modified so as to permit the respondent Mullen to present his petition, and proof thereunder, in order to assert his right to have $2,000 of the proceeds that may be derived from the sale of the homestead and lot paid to him before any distribution of the funds shall be made.

Before concluding this opinion, there is one matter that we feel impelled to mention, lest, by silence, our position may not be fully understood. There appears in the record copies of the tax assessments supposedly made by J. G. Mullen, and filed by him with the tax assessor of Montgomery county, Ala., covering the tax years 1926, 1927, and 1928. There also appears in the record what purports to be an order of the circuit judge, who heard this case, reciting that these assessments were introduced in evidence by the complainant, and considered by the court in the decision of the cause, but which were "inadvertently omitted from the note of testimony." This order, though made after the appeal was perfected, directed that "the said assessments be copied into and made a part of the transcript for the appeal, in so far as they show the amount of the property, both real and personal, assessed by said J. G. Mullen during said years." If the decree, within its four corners, furnished any evidence of the fact that the court had considered the assessments in reaching its conclusion, we would be forced to reverse the decree, for consideration of such evidence would be in direct contravention of rule 75 of Chancery Practice, which forbids the consideration of any evidence not noted; and the fact that the evidence was not noted by inadvertence cannot change the effect of the rule. This rule, as repeatedly declared by this court, is mandatory in terms, and must be complied with. Allison Lumber Co. v. Campbell, 225 Ala. 609, 144 So. 574; Brassell v. Brassell, 205 Ala. 201, 87 So. 347; White v. White, 207 Ala. 533, 93 So. 457; Carson v. Sleigh, 201 Ala. 373, 78 So. 229; Tatum v. Yahn et al., 130 Ala. 575, 29 So. 201; Sellers v. Farmer, 147 Ala. 446, 41 So. 291; Turner v. Turner, 193 Ala. 424, 69 So. 503; Harn v. Common Council of Dadeville, 100 Ala. 199, 14 So. 9.

The fact that testimony offered was not noted by inadvertence furnishes no reason or excuse for overriding and setting aside this positive and mandatory requirement. However, and fortunately for complainant, we cannot consider the above-mentioned order of the court for any purpose, and in as much as the decree itself does not afford any evidence that the court disregarded rule 75, supra, in reaching its conclusion, and in as much as the evidence otherwise supports its findings, we will affirm the decree, with the above modification.

The decree of the circuit court is here modified as above indicated, and, as modified, is affirmed.

Modified and affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.