MALLORY STEAMSHIP CO. v. BAKER & HOLMES CO. *et al.*

157 So. 504.

Division A.

Opinion Filed November 9, 1934.

*Shutts & Bowen, Joseph F. McPherson* and *L. S. Bonsteel,* for Appellant;

*Robert J. Boone,* for Appellees.

DAVIS, C. J.—Baker & Holmes Company by and through J. C. Harris, trustee in bankruptcy, and J. C. Harris, trustee in bankruptcy of Baker & Holmes Company, a bankrupt corporation, exhibited their amended bill of complaint against Mallory Steamship Company, a corporation, in which they alleged in substance that Baker & Holmes Company should be allowed to enforce a claim against Mallory Steamship Company to the extent of a judgment for $3,503.68 that Baker & Holmes Company had recovered against Gulf & Southern Steamship Company, a dissolved corporation, because the said Gulf & Southern Steamship Company had prior to judgment undertaken to unlawfully distribute its assets to said Mallory Steamship Company, one of its stockholders, to the prejudice of complainant as an existing *bona fide* creditor of said Gulf & Southern Steamship Company. It was alleged that Mallory Steam-

ship Company had by transaction retained and made itself the beneficiary of the Gulf & Southern Steamship Company's distributed assets in an amount more than sufficient to satisfy complainant's said judgment against Gulf & Southern Steamship Company.

The prayer of the bill was that the Mallory Steamship Company be subjected to an equitable decree compelling it to either return to said Gulf & Southern Steamship Company (since dissolved) the assets so distributed to and held by it, the Mallory Steamship Company, or that the latter company be decreed to be personally liable in judgment to reimburse the Gulf & Southern Steamship Company to the extent of the actual market value of the distributed assets, as existing at the time and place of the alleged unlawful distribution.

The present appeal is from an order overruling a motion to dismiss complainant's amended and supplemental bill of complaint and refusing to strike the bill as a whole, and a separate motion to strike certain specified parts of the same.

It is alleged in the bill of complaint, as amended, that the Mallory Steamship Company took over the entire assets of the Gulf & Southern Steamship Company at a time when complainant had an existing and enforceable liability against said Gulf & Southern Steamship Company. It is further averred that it did so with the distinct understanding and agreement in writing on its part to assume and pay all outstanding debts and liabilities of said Gulf & Southern Steamship Company, and that thereby the said Mallory Steamship Company had become liable for complainant's debt as one of the liabilities of said Gulf and Southern Steamship Company thus assumed by it.

Where assets of one corporation are transferred *in their entirety* to another corporation, the latter corporation may

be held liable on an implied, as well as on an express, assumption of the transferor's debts and liabilities existing at the time, whether the transferring corporation be insolvent or not when the transfer is accomplished. Ziemer v. G. G. Breeting Mfg. Co., 147 Wis. 252, 133 N. W. Rep. 139, 25 Ann. Cas. 1912D 1275; McTike v. Kardell Motorcar Co. (Mo. App.) 213 S. W. Rep. 904; E. O. Roper, Inc., v. Wilson & Toomer Fertilizer Co., decided at the present term.

In the present case the assumption by Mallory Steamship Company of the debts and liabilities of Gulf & Southern Steamship Company existing at the time the former took over the latter's assets described in the bill of complaint as amended, is specifically alleged to have been an express undertaking on the part of the Mallory Steamship Company as an incident to its taking over of practically all of the assets of the Gulf & Southern Steamship Company in order to' bring about the latter's dissolution as a separate corporation.

The claim asserted is enforceable in equity. This is so because it requires relief by way of an accounting and is in the nature of an equitable right of execution exercised on behalf of complainant against Mallory Steamship Company as a substituted debtor, at least to the extent of the value of the assets of Gulf & Southern Steamship Company received and enjoyed by it to complainant's disadvantage.

It cannot be said that the amended bill of complaint is wholly without equity. So the motion to dismiss the bill in its entirety was properly overruled. The motion to strike the amended and supplemental bill was correctly overruled for the same reason, the Chancellor having granted permission to file it when he sustained a motion to dismiss the

200

original bill. The motion to strike out certain specific portions of the bill was properly denied by the Chancellor in the exercise of a discretion which we are not convinced was either abused, or has resulted in any substantial error prejudicial to defendant.

The defense of *laches* is not ordinarily allowed to prevail on a pleading that is the equivalent of a general demurrer for want of equity in a bill, unless the showing of *laches* on the face of the bill is clear and uncontrovertible as a matter of law. Seaboard All-Florida Ry. Co. v. Underhill, 105 Fla. 409, 141 Sou. Rep. 306; McNabb v. Tampa & St. Petersburg Land Co., 78 Fla. 149, 83 Sou. Rep. 90; King v. Dekle, 53 Fla. 940, 43 Sou. Rep. 586; Peacock v. Miami, 92 Fla. 360, 364, 109 Sou. Rep. 458.

Affirmed and remanded for further appropriate procedure.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BUFORD, J. J., concur in the opinion and judgment.