## Crady v. Hubrich et al.

Feb. 20, 1945.

Ewing L. Hardy for appellant.
M. Joseph Schmitt for appellees.

462

Wallace E. Crady and Catherine M. Crady were husband and wife in 1922 when an improved lot in Louisville, Kentucky, was conveyed to them during their joint lives as tenants in common, with remainder in fee to the survivor. On May 5, 1926, Wallace E. Crady, through an intermediary, conveyed his interest in the property to his wife, thus vesting her with the fee-simple title. On October 13, 1936, Catherine M. Crady instituted an action for divorce in the Jefferson circuit court, and on November 25, 1936, a judgment was rendered granting the plaintiff a divorce from the defendant, Wallace E. Crady. The judgment, pursuant to section 425 of the Civil Code of Practice, contained an order restoring any property not disposed of at the commencement of the action which either party may have obtained, directly or indirectly, from the other during marriage, in consideration or by reason thereof. The plaintiff in the divorce proceeding asked for no alimony, and the defendant made no defense to the action. They had occupied as a residence the property conveyed to Mrs. Crady in 1926, and she continued to occupy it after the divorce. Mrs. Crady died intestate December 16, 1942, and on January 27, 1943, Wallace E. Crady filed this action against her heirs and the administrator of her estate. In his petition he set out the facts concerning the marriage and the divorce and the manner in which Mrs. Crady acquired title to the property conveyed to her on May 5, 1926. He alleged that the judgment granting her an absolute divorce was in full force and effect, and that she had never complied with the provision of the judgment that each party to the action should restore to the other all property received from the other not disposed of before the commencement of the action. He alleged that, by virtue of the judgment in the divorce action and the death of Catherine M. Crady, he was the owner in fee of the property in question, and he asked that he be so adjudged and that the defendants be compelled to execute a deed in compliance with the judgment in the divorce action restoring the title to the property to the plaintiff. A demurrer to the petition was overruled, and the defendants filed an answer which was in seven paragraphs. The first paragraph admitted certain facts alleged in the petition and denied all others. Paragraph 2 was a plea of laches based on the plaintiff's failure to bring an action for restoration of

the property during Catherine M. Crady's lifetime. Paragraph 3 pleaded in bar of plaintiff's cause of action section 392.090, subsection (1), of the Kentucky Revised Statutes, which provides: "Absolute divorce bars all claim of either husband or wife to the property, real and personal, of the other after his or her decease." In paragraph 4 the defendants pleaded an agreement between the plaintiff and their decedent, made in contemplation of a separation and divorce, which was a settlement of their property rights. In paragraph 5 the defendants alleged that Catherine M. Crady, during her lifetime, expended for maintenance, repairs, insurance, mortgage payments, and tax assessments, approximately $3,000, and that her estate was entitled to a lien on the property for the funds so expended in the event plaintiff was entitled to a restoration of the property. Paragraph 6 pleaded the 5-year Statute of Limitations and paragraph 7 pleaded the 15-year Statute of Limitations. The plaintiff demurred to paragraphs 2, 3, 4, 6, and 7. The court carried the demurrer to the answer back to the petition and sustained the demurrer to the petition. The plaintiff declined to plead further, and his petition was dismissed.

The chancellor filed a written opinion giving his reasons for the ruling, and it is obvious that he was influenced by the allegations of the answer, particularly of paragraph 2. He stated in his opinion that the facts constituting laches appear in the petition but we are unable to concur in this view. The petition discloses that appellant purchased the property here involved in 1922, and that he vested his wife with the legal title in 1926. In 1936 Mrs. Crady obtained a judgment granting her an absolute divorce. The judgment provided that each party restore to the other all property received from the other not disposed of at the commencement of the action. Six years later Mrs. Crady died without having complied with the order, and Wallace E. Crady immediately brought this action for restoration of the property conveyed to his wife during their marriage. In this jurisdiction the defense of limitations cannot, as a general rule, be raised by demurrer but must be pleaded. Gabbard v. Gabbard, 294 Ky. 572, 172 S. W. 2d 214; Markwell v. Kahlkoff, 258 Ky. 231, 79 S. W. 2d 984. An action for relief from fraud brought more than five years after the fraud was perpetrated is an exception to the rule, since there the plaintiff must allege

facts to excuse the delay in order to state a cause of action. Forman v. Gault, 236 Ky. 213, 32 S. W. 2d 977. Whether the analogous defense of laches can be raised by demurrer is a question on which the decisions of the courts are in conflict. In many jurisdictions the defense of the Statute of Limitations may be taken advantage of in equity by demurrer where it is apparent on the face of the petition that the cause of action has become barred, and in these jurisdictions the defense of laches likewise may be raised by demurrer, but, generally, only where the showing of laches on the face of the petition is clear and uncontrovertible. Curl v. Vance, 116 W. Va. 419, 181 S. E. 412; Mallory S. S. Co. v. Baker & Holmes Co., 117 Fla. 196, 157 So. 504; Wilkerson v. Wilkerson, 151 Va. 322, 144 S. E. 497; Johnson v. Delony, 241 Ala. 16, 1 So. 2d 11; Mullen v. First National Bank, 226 Ala. 305, 146 So. 802; Barnes v. Fort, Tenn. Sup., 181 S. W. 2d 881; Chandler v. Lally, 308 Mass. 41, 31 N. E. 2d 1. We have defined laches as ''such neglect or omission to assert a right as, taken in conjunction with the lapse of time, more or less extensive, and other circumstances causing the adverse party to be prejudiced, operates as a bar to the petitioner's right to recover in a court of equity.'' Gover's Adm'r et al v. Dunagan, 299 Ky. 38, 184 S. W. 2d 225, 226. As frequently stated, what amounts to laches will depend upon the special facts and circumstances as shown in each case. In Shea v. Shea, 296 Mass. 143, 4 N. E. 2d 1015, 1018, the court said: ''Whether there has been laches is generally a question of fact, McGrath v. C. T. Sherer Co. (291) Mass. (35), 195 N. E. 913, requiring a consideration of all the circumstances attendant on delay in bringing a suit in equity.'' While a petition may show on its face such laches on the part of the plaintiff that a court ought not to grant relief, yet laches, being a mixed question of law and fact, should not usually be disposed of on demurrer. We think the correct rule deducible from the authorities is stated in Bush v. Hillman Land Company, 22 Del. Ch. 374, 2 A. 2d 133, 137, where the court said: ''What constitutes laches is so unconfined to any particular fact patterns and so dependent for its demonstration on the facts and circumstances of each case, that the court should be quite clearly of the opinion that it exists before saying so on a demurrer to a bill.''

The petition in the instant case merely shows a de-

lay in bringing an action to enforce the provision of the divorce judgment concerning property rights, but as to who was at fault in this respect or whether the delay worked to the disadvantage of the defendants to such a degree as to constitute laches should not be determined on the bare statements contained in the petition; the circumstances, if any, operating to destroy the plaintiff's right of action, should be brought forward by way of defense.

We express no views on the questions raised by the demurrers to various paragraphs of the answer, since they have not been passed upon by the lower court.

The judgment is reversed, with directions to over-rule the demurrer to the petition.