OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs to respondent Canron, Inc., against appellants.
 

 Rusciano Construction Corp., plaintiffs subrogor, purchased pipes from the Warren Pipe & Foundry Division of Shahmoon Industries, Inc., under a 1968 purchase order which set forth a provision limiting any action by either party for breach of the acknowledgment (expressing their complete agreement) to within 13 months after a cause of action accrued. Certain pipe, the subject of this suit, was installed by Rusciano in a Yonkers street on or about January 6, 1970 and, of necessity, must have been delivered prior to that time. That pipe ruptured on October 21, 1971. On April 24, 1970, in the interval between installation and break, defendant Canron, Inc., acquired from defendant Shahmoon Industries, Inc., certain but not all of the assets of the Warren Pipe & Foundry Division.
 

 
 *825
 
 This action for damages arising from the pipe rupture, allegedly "caused by the negligence of the defendants, or either of them, and breach of warranty for fitness and use”, was commenced on August 17, 1973. Special Term determined that, regardless of whether the breach of warranty occurred upon delivery of the pipe or when it burst, the time limitation applied and any action for such a breach was barred. The complaint was viewed as combining two causes of action and it was stated that Shahmoon was the manufacturer and seller of the pipe which broke open and that the later acquisition by Canron of some of the physical assets of Shahmoon does not transfer negligence liability. Plaintiffs complaint was dismissed with leave to serve an amended complaint stating a cause of action in negligence alone against only defendant Shahmoon. The Appellate Division affirmed for the reasons stated by Special Term.
 

 It is noted,
 
 inter alia,
 
 that the acquisition agreement between Shahmoon and Canron reveals no express or implied assumption of tort liability by Canron, there was no consolidation or merger of the seller and purchaser, the purchasing corporation was not a mere continuation of the selling corporation and there has been no proof or allegation of fraud in the acquisition transaction. Without staking out the perimeters of tort liability for a successor entity and assuming that an underlying case of such liability has been made out in favor of plaintiff, none of the bases usually urged for responsibility by the successor are present here.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed, with costs to defendant-respondent Canron, Inc., against appellants in a memorandum. Question certified answered in the affirmative.