386 So.2d 1280 (1980)
John KINSLER, Etc., et al., Appellants,
v.
ROHM TOOL CORP., Etc., et al., Appellees.
No. 79-1444.
District Court of Appeal of Florida, Third District.
August 5, 1980.
Rehearing Denied September 16, 1980.
Cone, Owen, Wagner, Nugent, Johnson, Hazouri & Roth, West Palm Beach, and Janet W. Freeman, Palm Beach, for appellants.
George & Thompson and Scott R. McNary, Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy and Richard A. Sherman, Miami, for appellees.
Before BARKDULL, SCHWARTZ and NESBITT, JJ.
NESBITT, Judge.
Appellant, plaintiff below, seeks reversal of the summary final judgment entered in favor of Rohm Tool Corporation (Rohm Tool) and R.G. Industries, Inc. (R.G.), both Florida corporations and co-defendants below, on a complaint alleging that they had successive corporate liability for acts of co-defendant, Rohm GmbH, a West German corporation.
This is the second appearance of this case before this court. In the first phase, we affirmed an order denying a motion to dismiss for lack of in personam jurisdiction as to co-defendant, Rohm GmbH.[1] Rohm Tool and R.G. were joined in a products liability action on a claim arising from injuries received by the plaintiff from a handgun which allegedly had a defective safety mechanism. The weapon had been manufactured by Rohm GmbH. The handgun was imported into the United States by an American distributor (not joined as a party defendant) and sold at retail by a sporting goods shop in Pinellas County in October, 1968.
Rohm Tool and R.G. are Miami-based corporations which were incorporated in Florida after the handgun in question was sold at retail. Neither Rohm Tool nor R.G. assumed any debts or liabilities of Rohm GmbH, the West German corporation. Plaintiffs alleged, and there were inferences, that Rohm Tool and R.G. were incorporated by Rohm GmbH to avoid the impact of the Gun Control Act of 1968, 18 U.S.C.A. § 921 et seq., which prohibited further importation of handguns into the United States. It was also alleged, and there was evidence to show, that: (1) Rohm Tool and R.G. were wholly owned and dominated subsidiaries of Rohm GmbH; (2) there was *1281 an interlocking management of the domestic corporations through a common controller; (3) all the net earnings of the Florida corporations were ultimately funnelled to the West German corporation through a bank in Frankfurt; (4) Rohm Tool and R.G. utilized blueprints, designs, and technology furnished to them by Rohm GmbH; (5) the logo of Rohm Tool was indentical with that of Rohm GmbH; and (6) Rohm Tool and R.G. undertook claims and warranty repairs for weapons previously manufactured by Rohm GmbH in West Germany.
It was also undisputed that Rohm GmbH is a viable, ongoing enterprise in West Germany. Plaintiff asserts, due to the allegations and showing made (primarily those allegations of the alleged statutory violation of the Gun Control Act and the warranty repairs made on behalf of Rohm GmbH) that summary final judgment in favor of Rohm Tool and R.G. was improper because they were a mere continuation and reincarnation of Rohm GmbH, the West German corporation. Plaintiff relies upon Knapp v. North American Rockwell Corporation, 506 F.2d 361 (3d Cir.1974), cert. denied, 421 U.S. 965, 95 S.Ct. 1955, 44 L.Ed.2d 452 (1975); Cyr v. B. Offen & Co. Inc., 501 F.2d 1145 (1st Cir.1974); Holloway v. John E. Smith's Sons Co., Div. of Hobam, Inc., 432 F. Supp. 454 (D.S.C. 1977); Shannon v. Samuel Langston Company, 379 F. Supp. 797 (W.D.Mich. 1974); Ray v. Alad Corporation, 19 Cal.3d 22, 560 P.2d 3, 136 Cal. Rptr. 574 (1977); Western Resources Life Insurance Company v. Gerhardt, 553 S.W.2d 783 (Tex.Civ.App. 1977); Annot., 66 A.L.R.3d 824 (1975) Products Liability of Successor Corporations for Injury or Damage by Product Issued by Predecessor.
We find it unnecessary to reach the merits of the plaintiff's theory for imposing successive corporate liability in this case because it is clear on reason and authority cited that the liability of the predecessor corporation, is, absent an express or implied assumption of debts and obligations by the successor corporation,[2] not imposed upon the successor where the predecessor is still a viable, ongoing entity, amenable to personal service and financially responsible.[3] All the cases[4] relied upon by the plaintiff recognize this salient distinction except that of Connelly v. Uniroyal, Inc., 75 Ill. 393, 389 N.E.2d 155 (1979), cert. denied, 444 U.S. 1060, 100 S.Ct. 992, 62 L.Ed.2d 738 (1980). However, Connelly v. Uniroyal is readily distinguishable from the present case because there Uniroyal participated in the domestic chain of distribution of tires manufactured in Belgium and, in effect, held itself out as the manufacturer of the foreign-made tires.
Affirmed.
NOTES
[1] GmbH v. Kinsler, 377 So.2d 182 (Fla.3d DCA 1979).
[2] Mallory S.S. Co. v. Baker & Holmes Co., 117 Fla. 196, 157 So. 504 (1934).
[3] Rohm GmbH's insurance carrier was also joined as a co-defendant in this action.
[4] In Ray v. Alad Corporation, supra, the following conditions precedent must generally exist in order to impose the liability of a predecessor corporation upon its successor:

(1) there is a destruction of plaintiff's remedies against the predecessor;
(2) the successor has the ability to assume the risk factor; and
(3) the fairness of requiring the successor to assume responsibility for the predecessor's defective product because the burden is a concomitant of the successor's enjoyment of the predecessor's good will. See Gee v. Tenneco, 615 F.2d 857 (9th Cir.1980).