■ BARBARA A. EMRICH, as Executrix of MICHAEL EMRICH, Deceased, Respondent, v GEORGE KRONER, Jr., Respondent. REMINGTON ARMS COMPANY, INC., Respondent-Appellant, and DESA INDUSTRIES, INC., Appellant-Respondent.—Order unanimously modified, and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff's decedent died shortly after receiving a shock from an electric drill on July 5, 1979. The drill, Model No. 389, was manufactured by Mall Tool Company (Mall), which produced the Model No. 389 drill from 1955 to June, 1956. In June, 1956 Remington Arms Company, Inc. (Remington) acquired Mall under a stock purchase agreement. Remington continued to manufacture and distribute Model No. 389 drills until 1960. Desa Industries, Inc. (Desa) purchased Remington's power tool department in July, 1969; it is impossible to ascertain from the motion papers whether the Model No. 389 drill line was included in the sale. Desa, Remington and Mall were included as defendants in this action by decedent's executrix, alleging breach of warranty, negligence and strict liability. Mall was released from the action by summary judgment, on the ground that it was dissolved after being acquired by Remington in 1956. Desa moved for summary judgment against plaintiff and against Remington. Remington cross-moved for summary judgment on its cross claim against Desa. Plaintiff thereafter cross-moved for permission to serve an amended complaint which alleged Desa violated a duty to warn of the drill's defects. The motions of Desa and Remington were denied, and plaintiff's cross motion granted. Where the acquisition agreement between a manufacturer and the purchaser of its assets reveals an express or implied assumption of tort liability, a duty may be imposed on the purchaser to third parties injured by the predecessor's product *(Hartford Acc. & Ind. Co. v Canron, Inc., 43 NY2d 823)*. It appears from the terms of the purchase agreement that Desa agreed to assume the tort liability of Remington arising out of incidents occurring

after the closing date. Since it is unclear whether the Model No. 389 drill was among the assets acquired by Desa, this existence of a material issue of fact precluded a grant of summary judgment, and the motions were properly denied. Although tort liability may be passed on to a successor, this does not necessarily impose a duty upon a successor to warn past customers of possible defects in the predecessor's product (see *Gee v Tenneco, Inc.*, 615 F2d 857; *Travis v Harris Corp.*, 565 F2d 443). Accordingly, Desa's motion for summary judgment against plaintiff is granted to the extent that the complaint alleges that it violated a duty to warn, and plaintiff's cross motion to serve an amended complaint to allege that failure is denied. (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.