394 So.2d 552 (1981)
James M. BERNARD, Jr., by and through His Mother, Natural Guardian and Next Friend, Roberta Bernard, and Roberta Bernard, Individually, Appellants,
v.
KEE MANUFACTURING COMPANY, INC., Appellee.
No. 80-845.
District Court of Appeal of Florida, Second District.
February 25, 1981.
*553 Larry Klein, West Palm Beach, and Cone, Owen, Wagner, Nugent, Johnson, Hazouri & Roth, West Palm Beach, for appellants.
Sheldon J. Gensler, Sarasota, for appellee.
GRIMES, Judge.
This appeal considers the circumstances under which a company which purchases the assets of another company and continues its business is liable for injuries caused by a defective product manufactured and sold by the predecessor company.
On August 28, 1976, James M. Bernard, Jr., a minor, received injuries from a lawnmower manufactured and sold in 1967 by Flechas J. Kee d/b/a Kee Manufacturing, Inc. On April 3, 1972, Kee Manufacturing Company, Inc., a corporation chartered three days earlier, purchased the assets and business of Flechas J. Kee for cash. The corporation did not contractually assume the old company's liability. Following the sale, Mr. Kee retired from the lawnmower business. He retained no interest whatsoever in the new company. Likewise, the owners of the new company had no interest in Mr. Kee's business until the purchase of his assets.
Kee Manufacturing Company, Inc., continued manufacturing lawnmowers at the same plant and kept some of Mr. Kee's nonmanagement employees. It continued the brand name of Kee Mowers and used the same customer list. The logos remained much the same, and there was never any indication in the printed material to indicate that a new company had taken over. In fact, the new company's brochure stated that it had been manufacturing lawnmowers since 1948. The new company also continued to supply parts for mowers manufactured by the old company, but it discontinued the model of lawnmower which injured Mr. Bernard.
Mr. Bernard and his mother sued Kee Manufacturing Company, Inc., for damages arising out of the accident. The complaint was grounded in negligence, strict liability and implied warranty. In a separate suit, they sued Mr. Kee and the retailer which had sold the lawnmower. Following discovery, Kee Manufacturing Company, Inc., obtained a final summary judgment. The plaintiffs have brought this appeal from that judgment.
Traditionally, when a company purchased the assets of another company, it was not obligated for the debts of the selling company unless one of the following circumstances existed:
(1) The purchaser expressly or impliedly agrees to assume the debts of the seller.
(2) The transaction amounts to a consolidation or merger of the seller and purchaser.
(3) The purchasing company is a mere continuation of the seller.
(4) The transaction is consummated fraudulently in order for the purchaser to escape liability for the seller's debts.
15A W. Fletcher, Cyclopedia of the Law of Private Corporations § 7122 (Perm. ed. M. Wolf 1967).
Until recently, these principles have also governed the liability of the successor company for injuries caused by a defective product manufactured by its predecessor. Annot., 66 A.L.R.3d 824 (1975). The first move toward extending the successor's obligation in the products liability area came when some courts began to construe more liberally the exceptions pertaining to de facto mergers and continuity. Turner v. *554 Bituminous Casualty Co., 397 Mich. 406, 244 N.W.2d 873 (1976); Cyr v. B. Offen & Co., 501 F.2d 1145 (1st Cir.1974). Finally, in Ray v. Alad Corp., 19 Cal.3d 22, 560 P.2d 3, 136 Cal. Rptr. 574 (1977), the Supreme Court of California, faced with a case which would not fit within one of the recognized exceptions, established a new rule for successor liability. The court held that a party which acquires the manufacturing business of another and continues the output of its line of products becomes liable for injuries caused by defects in units of the same product line manufactured and distributed by the predecessor entity. The court gave as reasons for its rule:
(1) The virtual destruction of the plaintiff's remedies against the original manufacturer caused by the successor's acquisition of the business, (2) the successor's ability to assume the original manufacturer's risk-spreading rule, and (3) the fairness of requiring the successor to assume a responsibility for defective products that was a burden necessarily attached to the original manufacturer's good will being enjoyed by the successor in the continued operation of the business.
19 Cal.3d at 31, 560 P.2d at 9, 136 Cal. Rptr. at 580.
Some courts have declined to more broadly interpret the four original exceptions to the limitation on liability of a successor company simply because defective products were involved. McKee v. Harris-Seybold Co., 109 N.J. Super. 555, 264 A.2d 98 (1970), aff'd, 118 N.J. Super. 480, 288 A.2d 585 (1972); Hartford Accident & Indemnity Co. v. Canron, Inc., 43 N.Y.2d 823, 373 N.E.2d 364, 402 N.Y.S.2d 565 (1977). Others have flatly rejected the product line theory advanced in Ray. Leannais v. Cincinnati, Inc., 565 F.2d 437 (7th Cir.1977); Hernandez v. Johnson Press Corp., 70 Ill. App.3d 664, 26 Ill.Dec. 777, 388 N.E.2d 778 (1979). Thus, the court in Leannais said:
The record here contains not the slightest indication that Wisconsin courts have created, or would create, such a farreaching exception to the non-liability of asset purchasers, so long the basis of economic decisions by its citizens. It is on occasion absolutely necessary, if justice be done, for courts to "legislate" within the "interstices" of a statute, or by analogy to other laws and judicial precedents. In recent years, for a variety of reasons, many have thought it necessary to turn to the courts in search of solutions to social problems. Courts are ill-equipped, however, to balance equities among future plaintiffs and defendants. Such forays can result in wide-ranging ramifications on society, the contemplation of which is precluded by the exigencies of deciding a particular case presented on a limited record developed by present parties. Absent compelling necessity, therefore, a Federal Court should not impose the policy pronouncements of the Supreme Court of one state upon the citizens of another. Nor are we at liberty to impose our own view as to what the law of Wisconsin should be. As the Wisconsin Supreme Court has recognized, such broad public policy issues are best handled by legislatures with their comprehensive machinery for public input and debate. Holifield v. Setco Industries, Inc., 42 Wis.2d 750, 758, 168 N.W.2d 177 (1969).
565 F.2d at 441.
The only Florida decision which has considered the question of successor liability in products liability actions is Kinsler v. Rohm Tool Corp., 386 So.2d 1280 (Fla. 3d DCA 1980). There, the plaintiff asserted that the successor corporation was a mere continuation of its predecessor. In affirming a summary judgment against the plaintiff, the court said:
We find it unnecessary to reach the merits of the plaintiff's theory for imposing successive corporate liability in this case because it is clear on reason and authority cited that the liability of the predecessor corporation, is, absent an express or implied assumption of debts and obligations by the successor corporation, not imposed upon the successor where the predecessor is still a viable, ongoing entity, *555 amenable to personal service and financially responsible.
386 So.2d at 1281.
Though Mr. Kee is no longer in the lawnmower business, the plaintiffs are suing him in a companion case. Therefore, according to the theory of Kinsler, if he is financially responsible, his existence could ultimately bar the plaintiffs from recovery against the successor company under even the view expressed by Ray. However, we believe this case should be decided on reasoned legal principles rather than upon the fortuitous circumstance of a solvent defendant. Recognizing that there are some good social arguments for a rule which imposes liability upon a successor company which has maintained the product line of its predecessor, we nevertheless feel that the legislature and not the courts should be responsible for the adoption of such a rule. The fact that Florida has embraced the doctrine of strict liability in cases involving injuries caused by defective products is irrelevant because that doctrine contemplates the defendant's active participation in placing the defective product into the stream of commerce. See Domine v. Fulton Iron Works, 76 Ill. App.3d 253, 32 Ill.Dec. 72, 395 N.E.2d 19 (1979). Therefore, we hold that the established principles pertaining to a successor's liability for the debts of its predecessor are applicable to products liability cases.
Applying these principles to the facts of the case, it is clear that Kee Manufacturing Company, Inc., has no liability. It did not assume any of Mr. Kee's debts or obligations. There was no statutory consolidation or merger, and the transaction could not be considered a de factor merger because Mr. Kee obtained no stock in Kee Manufacturing Company, Inc., for the sale of his assets. See Knapp v. North American Rockwell Corp., 506 F.2d 361 (3rd Cir.1974), cert. denied, 421 U.S. 965, 95 S.Ct. 1955, 44 L.Ed.2d 452 (1975). Since the ownership and management of the business changed entirely, the requisites of continuity were absent. Finally, no one has suggested the existence of fraud.
AFFIRMED.
HOBSON, Acting C.J., and BOARDMAN, J., concur.