OPINION OF THE COURT
Loren N. Brown, J.
By notice of motion, dated December 31,1984, and supporting papers, defendant Klaisler Manufacturing Corp. (hereinafter Klaisler) moves for an order granting summary judgment in its favor and against the plaintiff and all cross-claiming defendants. The motion is opposed by the plaintiff and cross-claiming defendant Interlock Steel Company, Inc. Interlock, pursuant to CPLR 3212 (f), seeks a continuance of the summary judgment motion of Klaisler to permit further disclosure to show an assumed liability by Klaisler.
This is an action for recovery of damages allegedly sustained by the plaintiff on April 17,1981, when his hand was drawn into a roller press machine. The plaintiff alleges that the roller press *29 was negligently designed, manufactured and assembled by Klaisler. It is apparently undisputed that the machine in question was manufactured in January of 1966. It is also undisputed that Klaisler was not a corporate entity until September of 1976.
The plaintiff and Interlock Steel Company, Inc., as cross-claiming defendant, oppose the motion, first, on the ground that Klaisler has successor liability for the tortious acts of its predecessor, and second, that, in any case, more discovery is required before summary judgment should be considered.
The machine in question was built by Klaisler Machine Company, then a sole proprietorship operated by Elmer K. Hubbard. In December of 1971, the sole proprietorship was incorporated and was known as Klaisler Machine, Inc. In September of 1976, by another act of incorporation, Klaisler Machine, Inc., was succeeded by defendant Klaisler. Despite the changes in corporate form, the business continued to manufacture essentially the same products under the ownership and control of Elmer Hubbard.
In support of its motion, Klaisler seeks shelter in the general rule that a corporation which acquires the assets of another is not liable for the torts of its predecessor. (Hartford Acc. & Indem. Co. v Canron, Inc., 43 NY2d 823.)
According to the plaintiff and cross-moving defendant, Klaisler’s shelter is unavailing because, as discussed in Schumacher v Richards Shear Co. (59 NY2d 239), this situation falls into an exception to the rule. According to the holding of Schumacher: “A corporation may be * * * liable for the torts of its predecessor if (1) it expressly or impliedly assumed the predecessor’s tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations” (p 245).
The plaintiff and cross-claiming defendant contend that Klaisler is a mere continuation of the predecessor business so that exception “three” applies.
In an effort to shore up its argument, Klaisler points to the language in Schumacher (supra, at p 245), which states that exception “three” applies only when the prior entity does not survive a corporate reorganization. Since, Klaisler argues, Mr. Hubbard lives, and is subject to suit, the predecessor organization is still in existence, and the exception is not available.
Patently, the exceptions carved from the rule of nonliability, noted in Schumacher (supra), a case addressing a situation *30 wherein a corporation succeeded a corporation, does not specifically apply to the case at bar. Nevertheless, an examination of the concerns which foster the exceptions guides this court to its determination. The exceptions are a response to inequities which could occur if the doctrine that corporations are separate and distinct entities is blindly accepted. If a corporation could escape liability by using corporation reorganization to make cosmetic changes in essentially the same business, potential plaintiffs would be without remedy. Naturally, the exception to the rule need not apply if the predecessor business was not made defunct by the change and was subject to suit.
Under the circumstances presented, a finding that the successor corporation was a continuation of the prior enterprise, or, at least, that there is an issue of fact whether there is a continuance, and that it was not shielded from suit by the doctrine of nonliability is more consonant with the holding of Schumacher {supra). Though a sole proprietor is still in existence after incorporation, in all likelihood, he is no longer insured against potentially substantial verdicts. Moreover, the once deep pockets of the sole proprietor have, in all likelihood, been emptied into the now deep, but secure, pockets of the successor corporation. Though a plaintiff may sue the proprietor, the recovery, if any, might be of little value.
Furthermore, though a sole proprietor who has transferred assets to the new corporation may be among the living, he has become akin to a predecessor corporation shorn of assets. Though he may have his identity, and the predecessor corporation may be registered with the Department of State, as business entities they are both substantially moribund.
Accordingly, the motion for summary judgment is, in all respects, denied. Having so found, a continuance on this motion to allow further discovery is denied.