■ RAPHAEL FLECHA et al., Respondents, v SEYBOLD MACHINE

COMPANY, a Division of HARRIS CORPORATION, Appellant, et al., Defendants. (And Two Third-Party Actions.)—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered or or about April 14, 1988, which, *inter alia,* denied defendant Harris's motion for summary judgment, is unanimously reversed, on the law, insofar as appealed from, the motion for summary judgment granted, and the complaint as against defendant Harris dismissed, without costs.

Plaintiff was injured in the course of his employment when his right hand was amputated by a "guillotine type" papercutting machine. As against defendant Harris Corporation, he asserted causes of action for strict product liability and common-law negligence, the theory of the latter being an alleged breach of a duty to warn users of the machine of dangers incident to its operation. A motion by Harris for summary judgment was denied by IAS. Because we find no issues of fact requiring a trial, we reverse and grant summary judgment.

Harris's liability under the strict product liability cause of action depends entirely upon its status as a "successor" to Seybold Machine Company, which manufactured the machine and placed it in the stream of commerce in 1916, following Harris's acquisition of Seybold's assets in 1926. Mere sale of corporate property from one company to another does not, as a general rule, make the purchaser liable for the unassumed liabilities in tort of the seller. Rather, such liability has been imposed upon the purchaser only when (1) the purchaser expressly or impliedly assumes the seller's obligations; (2) the transaction is a de facto merger; (3) the purchasing corporation is a mere continuation of the selling corporation; or (4) the transaction is a fraudulent effort to avoid the selling corporation's liabilities *(Schumacher v Richards Shear Co.,* 59 NY2d 239, 245; *Hartford Acc. & Indem. Co. v Canron, Inc.,* 43 NY2d 823).

We are satisfied that no facts exist sufficient to raise an issue concerning the applicability of any of these four exceptions, and are in complete accord with *McKee v Harris-Seybold Co.* (109 NJ Super 555, 264 A2d 98, *affd* 118 NJ Super 480, 288 A2d 585), which found none of them to apply after a thorough analysis of the 1926 transaction *(accord, Rossi v Harris Corp.,* Sup Ct, NY County, McCooe, J., June 20, 1986 [unreported]).

Concerning the duty to warn, it is conceded that in December 1975, five years before plaintiff's injury, Harris sent a warning to plaintiff's employer stating in pertinent part as

follows: "Therefore, PLEASE INSPECT YOUR CUTTER IMMEDIATELY, using the criteria listed above and any applicable state and local codes. If your cutter fails to meet any of these, YOU MAY BE OPERATING UNSAFELY! Please take the necessary steps to remedy this situation and discontinue use of the machine until you know it is safe to operate."

Such a warning, cast in the most ultimate and unequivocal terms, i.e., to *discontinue use of the machine* entirely until steps were taken to insure its safety, was sufficient, as a matter of law, to satisfy any duty Harris may have had to warn known users of the machine concerning the risks involved in its continued use. Concur—Carro, J. P., Asch, Milonas and Wallach, JJ.