■ RAPHAEL FLECHA et al., Respondents, v PETERSON & SONS, INC., et al., Defendants, and MIEHLE PRODUCTS GRAPHIC SYSTEMS, a Division of ROCKWELL INTERNATIONAL, Formerly Known as LAWSON COMPANY, et al., Appellants. (And Two Other Actions.)—Order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered July 26, 1989, denying the motion of Miehle Products Graphic Systems (Miehle) and Lawson Company (Lawson) for summary judgment, unanimously affirmed, with costs and disbursements.

The plaintiff Raphael Flecha, an employee of Victory Sample Card Company (Victory), was injured when a machine manufactured in 1916 by the Seybold Machine Co. allegedly malfunctioned. Miehle does not appeal from that part of the court's order finding that issues of fact exist as to whether Miehle acquired the machine in 1973, and then in 1974 reintroduced it into the stream of commerce by selling it. The only issue raised is whether Miehle is exonerated from liability by virtue of a warning sent by the Harris Corp. (Seybold's parent company) and received by Victory approximately four years before the accident.

On a prior appeal by Harris from an order denying its motion for summary judgment, we held that the warning "was sufficient, as a matter of law, to satisfy any duty Harris may have had to warn users of the machine concerning the risks involved in its continued use" *(Flecha v Seybold Mach. Co.,* 146 AD2d 515, 517). Miehle does not argue that the machine was safe when resold in 1974, nor does it claim that it is not regularly engaged in the sale of such machinery as a regular part of its business *(see, Sukljian v Ross & Son Co.,* 69 NY2d 89, 95). Whether Miehle acted reasonably in the circumstances by reintroducing the machine into the stream of commerce without modifying the machine to insure its safety before selling it, and without affixing a warning to the ma-

chine itself, is a factual question for the jury *(Cover v Cohen,* 61 NY2d 261, 276-277). Concur—Sullivan, J. P., Carro, Milonas, Smith and Rubin, JJ.