■ DOODNAUTH RAMSAYWACK et al., Respondents-Appellants, v LOUIS ALLIS CORPORATION, INC., et al., Defendants, and JENNINGS INTERNATIONAL CORP., INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. THERMAX WIRE CORPORATION, Sued Herein as THERMAX CORPORATION, Third-Party Defendant-Appellant-Respondent. [686 NYS2d 464] —In an action to recover damages for personal injuries, etc., (1) the defendant third-party plaintiff, Jennings International Corp., Inc., appeals from so much of an order of the Supreme Court, Queens County (Golar, J.), dated September 22, 1997, as denied that branch of its cross motion which was to dismiss the complaint insofar as asserted against it and granted that branch of the plaintiffs' motion which was to amend the bill of particulars to allege that it failed to notify the third-party defendant, Thermax Wire Corporation, of a design change with respect to machines made subsequent to the machine in issue, (2) the third-party defendant, Thermax Wire Corporation, separately appeals from so much of the same order as denied that branch of its cross motion which was to dismiss the third-party complaint, and (3) the plaintiffs separately appeal from so much of the same order as denied that branch of their motion which was to add Machine Metals, Inc., as a defendant.

Ordered that the order is reversed insofar as appealed from by Jennings International Corp., Inc., and Thermax Wire Corporation, on the law, that branch of the cross motion of Jennings International Corp., Inc., which was to dismiss the complaint insofar as asserted against it is granted, the complaint is dismissed insofar as asserted against Jennings International Corp., Inc., the action against the remaining defendant is severed, that branch of the cross motion of Thermax Wire Corporation which was to dismiss the third-party complaint is granted, the third-party complaint is dismissed, and that branch of the plaintiffs' motion which was to amend the bill of particulars is denied; and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiffs; and it is further,

Ordered that Jennings International Corp., Inc., and Thermax Wire Corporation are awarded one bill of costs, payable by the plaintiffs.

In 1991 the plaintiff Doodnauth Ramsaywack was injured when a machine manufactured by the defendant Jennings Machine Corp. fell on him. The machine was delivered to his employer, the third-party defendant Thermax Wire Corporation, in or about 1968. At issue here is whether liability may be imposed upon two other corporations, Machine Metals (hereinafter Machine Metals), and Jennings International Corp., Inc.

In 1970 Machine Metals purchased the product line of the machine. Thereafter, in 1973, the design of the model of machine in question was modified to increase the effective strike of the extruder from 72 to 108 inches, and a stop brace was added to give it more stability. In 1984 the defendant Jennings International Corp., Inc., was formed. The shareholders of Jennings International Corp., Inc., and Machine Metals are members of the same family and "at various times" the president of Jennings International Corp., Inc., acted as president of Machine Metals.

The plaintiffs seek to add Machine Metals as a defendant, even though the Statute of Limitations has run against it. The plaintiffs contend that their claim may still be timely asserted against Machine Metals pursuant to CPLR 203 (b), because Jennings International Corp., Inc., which was originally named in the action, and Machine Metals were united in interest. We agree with the Supreme Court that the record does not support their contention (*see, Brock v Bua,* 83 AD2d 61, 69).

Summary judgment should have been granted dismissing the complaint against Jennings International Corp., Inc., and the third-party complaint. Jennings International Corp., Inc., did not manufacture the machine (*see, Rastelli v Goodyear Tire & Rubber Co.,* 79 NY2d 289), did not modify the machine (*see, Cover v Cohen,* 61 NY2d 261), and was not liable as a successor corporation to Machine Metals or Jennings Machine Corp. (*see, Hartford Acc. & Indem. Co. v Canron, Inc.,* 43 NY2d 823). Rather, it was a corporation separate and distinct from both the defendant Jennings Machine Corp. and Machine Metals.

The plaintiffs' remaining contentions are without merit. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.